1  Jeffrey Lewis, *Pro Hac Vice*
   Teresa S. Renaker, *Pro Hac Vice*
2  LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
3  Oakland, CA  94612
   Telephone (510) 839-6824
4  Facsimile (510) 839-7839

5  James I. Singer, Illinois Bar No. 02620499
   Matthew B. Leppert, Illinois Bar No. 6283363
6  SCHUCHAT, COOK & WERNER
   1221 Locust Street, Second Floor
7  St. Louis, MO 63103
   Telephone (314) 621-2626
8  Facsimile (314) 621-2378

9  Attorneys for Plaintiffs

10

11              IN THE UNITED STATES DISTRICT COURT

12              FOR THE SOUTHERN DISTRICT OF ILLINOIS

13

14  DENNIS LIVELY, et al.,                     )
                                               )
15              Plaintiffs,                     )   Case No. 05-63 MJR
                                               )
16      vs.                                    )
                                               )   **PLAINTIFFS' MOTION FOR CLASS**
17  DYNEGY, INC., et al.,                      )   **CERTIFICATION; MEMORANDUM IN**
                                               )   **SUPPORT THEREOF**
18              Defendants.                     )
                                               )
19  ─────────────────────────────────

20      Plaintiffs hereby move this Court for certification of this case as a class action pursuant to

21  Rule 23 of the Federal Rules of Civil Procedure, on the grounds that the four prerequisites of

22  Rule 23(a) are met; certification is appropriate under Rule 23(b)(1) or (b)(2); and Plaintiffs'

23  counsel should be appointed as class counsel.  Plaintiffs' motion is based on the Memorandum

24  set forth below, the Declaration of Teresa S. Renaker in Support of Motion for Class

25  Certification filed herewith, the Declaration of Teresa S. Renaker in Support of Appointment of

26  Class Counsel filed herewith, this Court's files and records in this case, and such other matters as

27  may be brought before the Court at hearing.

28      Plaintiffs respectfully request oral argument.

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM IN SUPPORT THEREOF
[Case No. 05-63 MJR]

<u>TABLE OF CONTENTS</u>

I. INTRODUCTION AND SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTS PERTINENT TO CLASS CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.     ERISA Section 502(a)(2) Claims Are Particularly
        Appropriate for Class Treatment Because Participants
        Share a Common Interest in the Financial Integrity of the Plan. . . . . . . . . . . . . 3

    B.     Legal Standards Applicable to Class Certification. . . . . . . . . . . . . . . . . . . . . . 6

    C.     The Requirements of Rule 23(a) Are Satisfied. . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.     The Class Is So Numerous that Joinder of All
             Members Is Impracticable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.     The Claims Present Questions of Law and
             Fact Common to the Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        3.     The Claims of the Representative Plaintiffs Are
             Typical of the Claims of the Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        4.     Representative Plaintiffs Will Fairly and Adequately
             Protect the Interests of the Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    D.     Certification Under Rule 23(b)(1) or (b)(2) Is Appropriate. . . . . . . . . . . . . . . 12

        1.     The Requirements of Rule 23(b)(1) Are Met. . . . . . . . . . . . . . . . . . . . 13

             a.     Rule 23(b)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

             b.     Rule 23(b)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        2.     Certification Is Appropriate Under Rule 23(b)(2). . . . . . . . . . . . . . . . . 16

    E.     Plaintiffs' Counsel Should Be Appointed Class Counsel. . . . . . . . . . . . . . . . . 18

IV.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

1        <u>TABLE OF AUTHORITIES</u>

2         <u>Federal Cases</u>

3 Amara v. CIGNA Corp., 2002 WL 31993224 (D. Conn. Dec. 20, 2002) . . . . . . . . . . . . . . . . . 17

4 Ansari v. New York University, 179 F.R.D. 112 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . 7

5 Babcock v. Computer Assocs. Int'l, Inc., 212 F.R.D. 126 (E.D.N.Y. 2003) . . . . . . . . . . . . 10, 15

6 Baby Neal for and by Kanter v. Casey, 43 F.3d 48 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 16

7 Banyai v. Mazur, 205 F.R.D. 160 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

8 Becher v. Long Island Lighting Co., 164 F.R.D. 144 (E.D.N.Y. 1996) . . . . . . . . . . 10, 13, 14, 17

9 Bunnion v. Consolidated Rail Corp., 1998 WL 372644 (E.D. Pa. May 14, 1998) . . . . . 10, 14, 17

10 Califano v. Yamasaki, 442 U.S. 682 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11 Church v. Consolidated Freightways, Inc., 1991 WL 284083 (N.D. Cal. Jun. 14, 1991) . . . . . . 14

12 Clauser v. Newell Rubbermaid, Inc., 2000 WL 1053395 (E.D. Pa. July 31, 2000) . . . . . . . . . . 15

13 Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473 (2d Cir. 1995) . . . . . . . . . . . . . . . 7

14 Doe v. Guardian Life Ins. Co. of America, 145 F.R.D. 466 (N.D. Ill. 1992) . . . . . . . . . . . . . . . 6

15 Donovan v. Bierwirth, 754 F.2d 1049 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

16 Donovan v. Estate of Fitzsimmons, 778 F.2d 298 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . 8

17 East Texas Motor Freight System Inc. v. Rodriguez, 431 U.S. 395 (1977) . . . . . . . . . . . . . . . 12

18 Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

19 Eisenberg v. Gagnon, 766 F. 2d 770 (3d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

20 Forbush v. J.C. Penney Co., Inc., 994 F. 2d 1101 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 8

21 Gaspar v. Linvatec Corp., 167 F.R.D. 51 (N.D. Ill. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

22 Gruby v. Brady, 838 F. Supp. 820 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

23 Halford v. Goodyear Tire & Rubber Co., 161 F.R.D. 13 (W.D.N.Y. 1995) . . . . . . . . . . . . . . . 16

24 Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964) . . . . . . . . . . . . . . . . 7

25 Henss v. Martin, 506 U.S. 1054 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26 In re CMS Energy ERISA Litig., 225 F.R.D. 539 (E.D. Mich. 2004) . . . . . . . . . . . . . 9, 11, 12

27 In re IKON Office Solutions, Inc. Sec. Litig., 191 F.R.D. 457 (E.D. Pa. 2000) . . . . . . . . . passim

28 In re Louisiana Pacific, 2003 WL 23537936 (D. Or. Jan. 24, 2003) . . . . . . . . . . . . . . . . . . . . . 14

In re Syncor ERISA Litig., 227 F.R.D. 338 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . passim

In re WorldCom, Inc. ERISA Litig., 2004 WL 2211664 (S.D.N.Y. Oct. 4, 2004) . . . . . . . . . . . 9

In re Visa Check/MasterMoney Antitrust Litigation; 280 F.3d 124 (2d Cir. 2001) . . . . . . . . . . 8

Kayes v. Pacific Lumber Co., 51 F.3d 1499 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 4, 7, 10, 13

Keele v. Wexler, 149 F.3d 589 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Koch v. Dwyer, 2001 WL 289972 (S.D.N.Y. Mar. 23, 2001) . . . . . . . . . . . . . . . . . . . . . . 10, 15

Kolar v. Rite Aid Corp., 2003 WL 1257272 (E.D. Pa. Mar. 11, 2003) . . . . . . . . . . . . . 9, 12, 15

LaFlamme v. Carpenters Local #370 Pension Plan, 212 F.R.D. 448 (N.D.N.Y. 2003) . . . . 10, 21

Martin v. Feilen, 965 F.2d 660 (8th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134 (1985) . . . . . . . . . . . . . . . . . . 3, 5, 13

McHenry v. Bell Atlantic Corp., 1998 WL 512942 (E.D. Pa. Aug. 19, 1998) . . . . . . . . . . . . . 11

Mertens v. Kaiser Steel Retirement Plan, 744 F. Supp. 917 (N.D. Cal. 1990) . . . . . . . . . . . 4, 5

Morelock Enterprises, Inc. v. Weyerhaeuser Co., 2004 WL 2997526 (D. Or. Dec. 16, 2004) . . 18

Patterson v. General Motors Corp., 631 F.2d 476 (7th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . 7

Piazza v. Ebsco Inds., 273 F.3d 1341 (11th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Radell v. Towers Perrin, 172 F.R.D. 317 (N.D. Ill. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Rankin v. Rots, 220 F.R.D. 511 (E.D. Mich. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Ream v. Frey, 107 F.3d 147 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Riviera v. Patino, 524 F. Supp. 136 (D.C. Cal. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Robidoux v. Celani, 987 F.2d 931 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rosario v. Livaditis, 963 F.2d 1013 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9, 11

Shultz v. Teledyne, 657 F. Supp. 289 (W.D. Pa. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Specialty Cabinets & Fixtures, Inc. v. American Equitable Life Ins. Co., 140 F.R.D. 474
(S.D. Ga. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11, 13, 14

Stoetzner v. U.S. Steel Corp., 897 F.2d 115 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Thomas v. SmithKline Beecham Corp., 201 F.R.D. 386 (E.D. Pa. 2001) . . . . . . . . . . . . . . . . 15

Thornton v. Evans, 692 F.2d 1064 (7th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

United Nat'l Records, Inc. v. MCA, 101 F.R.D. 323 (N.D. Ill. 1984) . . . . . . . . . . . . . . . . . . . . 8

Unitis v. JFC Acquisition Co., 643 F. Supp. 454 (N.D. Ill. 1986) . . . . . . . . . . . . . . . . . . . . . . . . 9

Westman v. Textron, Inc., 151 F.R.D. 229 (D. Conn. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Wofford v. Safeway Stores Inc., 78 F.R.D. 460 (N.D. Cal. 1978) . . . . . . . . . . . . . . . . . . . . . . 11

Wright v. Bosch Trucking Co., Inc., 804 F. Supp. 1069 (C.D. Ill. 1992) . . . . . . . . . . . . . . . . . 5

Wright v. Schock, 742 F.2d 541 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Statutes

ERISA § 409, 29 U.S.C. 1109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 8, 12

ERISA § 502(a)(2), 29 U.S.C. 1132(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 17

Other Authorities

Newberg on Class Actions (4th ed. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10

Rev. Rul. 89-52, 1989-1 C.B. 110, 1989 WL 572038 (Apr. 10, 1989) . . . . . . . . . . . . . . . . . . . . . 4

S. Sacher, J. Singer, et al., Employee Benefits Law (BNA 2d ed. 2000) . . . . . . . . . . . . . . . . . 5

Wright, Miller & Kane, Federal Practice and Procedure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# I.  INTRODUCTION AND SUMMARY OF ARGUMENT

This ERISA[1] action arises out of the investment of the assets of the Illinois Power Company Incentive Savings Plan for Employees Covered Under a Collective Bargaining Agreement ("the Plan") in stock of its sponsoring employer, Dynegy, Inc. ("Dynegy"). Defendants are the fiduciaries of the Plan entrusted with responsibility for investing the Plan's assets prudently and for administering the Plan solely in the interests of the Plan's participants and beneficiaries.  Plaintiffs contend that Defendants failed in these duties, causing massive losses to the Plan.  In particular, Plaintiffs allege that (1) Defendants continued to invest and allow investment of the Plan's assets in Dynegy stock at a time when the fiduciaries knew or should have known that the stock was an imprudent investment due to the effect on the stock price of various schemes that artificially inflated the price of the stock; and (2) Defendants made misrepresentations to and withheld information from Plan participants concerning the value of Dynegy stock.

Plaintiffs' two claims arise under ERISA Sections 502(a)(2) and 409, which together empower plan participants to bring civil actions to hold plan fiduciaries personally liable to make good losses to a plan resulting from breaches of fiduciary duty.  29 U.S.C. §§ 1132(a)(2), 1109. Both of Plaintiffs' claims focus exclusively on the conduct of the Defendants, whose alleged breaches of fiduciary duty injured the Plan as a whole, and both of the claims depend on common questions of fact and law which, if proven, will result in recovery to the Plan as a whole.

Plaintiffs' claims present issues of fact and law that can be, and as a matter of efficiency should be, decided on a class-wide basis.  Plaintiffs ask the Court to certify a class action pursuant to Fed. R. Civ. P. 23(a), (b)(1) and (b)(2), defined as follows:  All Participants in the Plan for whose individual accounts the Plan held shares of Dynegy stock at any time from February 1, 2000 to the present."[2]  (¶ 75.)  Plaintiffs demonstrate below that the class satisfies all

_____

[1]  The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

[2]  The class definition excludes the individual defendants, officers and directors of the corporate defendants, members of their immediate families, and the heirs, successors or assigns

requirements under Rule 23:  the four prerequisites of Rule 23(a) are met; certification is appropriate under Rule 23(b)(1) or (b)(2); and Plaintiffs' counsel should be appointed as class counsel.

## II.  FACTS PERTINENT TO CLASS CERTIFICATION

Plaintiffs Dennis Lively, Willis Harms, and Larry Grab are participants in the Illinois Power Company Incentive Savings Plan for Employees Covered Under a Collective Bargaining Agreement ("the Plan") (¶¶ 6-8.[3])  Defendants are individuals and entities alleged to have been fiduciaries of the Plan at some or all times between February 2000 and the present.  (¶¶ 9-23.)

During that period, the Plan's investments have included substantial investments in Dynegy stock.  For example, as of December 31, 2000, Dynegy stock constituted the Plan's single largest investment, valued at about $90.5 million out of total plan assets of about $186 million.  (Exh. A, DYN-LIV0015862.)  Plaintiffs allege that during 2000 and 2001, the price of Dynegy stock was artificially inflated due to accounting and reporting improprieties that were exposed during 2002 by various regulatory agencies, including the Securities Exchange Commission ("SEC") and the Commodity Futures Trading Commission.  (¶¶ 56, 58, 59, 62, 63.)

Plaintiffs allege that Defendants breached their fiduciary duties under ERISA in two ways.  First, Defendants "knew or should have known that the price of Dynegy stock was artificially inflated and that Dynegy stock constituted an imprudent investment for the Plan," yet they failed to discontinue Plan investment in Dynegy stock and to discontinue offering the company stock funds as investment alternatives for participants.  (¶¶ 69, 79.)  Second, Defendants' representations to plan participants concerning the company's performance and certain accounting and reporting improprieties were false and misleading, and Defendants failed to disclose material information regarding these matters to plan participants.  (¶¶ 74, 85.)  For example, the Plan's January 2002 prospectus states, "Each participant is encouraged to carefully

of any of them.  (¶ 75.)

_____

[3]  All references to "¶" are to the paragraphs of the Complaint.  All references to "Exh." are to the Exhibits to the Declaration of Teresa S. Renaker in Support of Motion for Class Certification, filed herewith.

1  review Dynegy's most recent Annual Report on Form 10-K and each Quarterly Report on Form

2  10-Q and Current Report on Form 8-K relating to Dynegy's current fiscal year for additional

3  information relevant to investments in the Dynegy Stock Fund."  (Exh. B, DYN-LIV0013892.)

4  As a result of these misrepresentations and failures to disclose, the Plan suffered losses because,

5  to the extent that the Plan terms permitted participants to direct the investment of Plan assets

6  allocated to their accounts,[4] the information provided to them by fiduciaries on which to base

7  their decisions was misleading and/or incomplete.  (¶¶ 71, 74, 86.)

8      Pursuant to ERISA Sections 409 and 502(a)(2), Plaintiffs seek relief including an order

9  compelling Defendants to make good to the Plan all losses resulting from these breaches and an

10  order that the Plan's fiduciaries allocate the restored losses to the accounts of Plan participants in

11  proportion to the accounts' losses attributable to the decline in Dynegy's stock price.  (¶¶ C, F.)

12  *See* 29 U.S.C. §§ 1109, 1132(a)(2).

13                              **III. ARGUMENT**

14  **A.    ERISA Section 502(a)(2) Claims Are Particularly Appropriate for Class Treatment
        Because Participants Share a Common Interest in the Financial Integrity of the
15        Plan.**

16      A Section 502(a)(2) breach of fiduciary duty action, such as this one, is brought "in a

17  representative capacity on behalf of the Plan as a whole."  *Massachusetts Mut. Life Ins. Co. v.*

18  *Russell*, 473 U.S. 134, 142 n.9 (1985) (hereinafter "*Russell*").  This rule derives from the text of

19  ERISA Section 409, which is enforced through Section 502(a)(2)[5]:  "Any person who is a

20  fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties

21  imposed upon fiduciaries by this title shall be personally liable to make good to such plan any

22

23

24      [4]  Participants' rights to re-direct the investment of assets held in the Dynegy stock funds

25  is described in detail in Plaintiffs' Memorandum in Opposition to All Defendants' Motion to

26  Dismiss (Docket No. 46), at 4:16-6:17.

27      [5]  Section 502(a) provides that "[a] civil action may be brought . . . (2) by the Secretary

28  [of Labor], or by a participant, beneficiary, or fiduciary for appropriate relief under section 409."
   29 U.S.C. § 1132(a)(2).

losses to the plan resulting from each such breach."[6]  29 U.S.C. § 1109(a).   As a result, a participant can obtain the identical relief for the plan regardless of whether he brings his claims in his individual capacity on behalf of the plan, or as a representative of a class of plan participants on behalf of the plan.  *See Mertens v. Kaiser Steel Retirement Plan,* 744 F. Supp. 917, 921 (N.D. Cal. 1990), *aff'd sub nom. Mertens v. Black,* 948 F.2d 1105 (9th Cir. 1991) (per curiam).  Thus, an absence of class certification does nothing to defeat or reduce the plan's recovery, because the relief on a Section 502(a)(2) claim is measured not by any individual's loss, but by the loss to the Plan as a whole.[7]

For this reason, courts strongly favor class certification of Section 502(a)(2) claims for the protection of absent plan participants, who share a common interest in their plan's claims, as well as for the protection of defendants from multiple suits on behalf of the same plan.  *See Thornton v. Evans,* 692 F.2d 1064, 1080 (7th Cir. 1982) (holding that Section 502(a)(2) actions should be brought as either class actions under Rule 23 or derivative actions under Rule 23.1)[8]; *Piazza v. Ebsco Inds.,* 273 F.3d 1341, 1352 (11th Cir. 2001) (holding district court abused discretion in certifying class under Rule 23(b)(3) rather than Rule 23(b)(1), because certification under Rule 23(b)(3) would allow class members to opt out and bring multiple suits, "each

---

[6]  As the statute and cases demonstrate, the Plan is not the sum of its participants. Instead, it is a separate legal entity that owns assets, including stocks (Rev. Rul. 89-52, 1989-1 C.B. 110, 1989 WL 572038 (Apr. 10, 1989)); may sue and be sued (ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1)); and files tax returns (IRS Form 550) and securities disclosures (SEC Form 8-K).

[7]  Usually, the plan's losses are measured by comparing the performance of its investments with the performance of a prudently invested portfolio.  *Donovan v. Bierwirth,* 754 F.2d 1049, 1056 (2d Cir. 1985); *Martin v. Feilen,* 965 F.2d 660, 671 (8th Cir. 1992), *cert. denied sub nom. Henss v. Martin,* 506 U.S. 1054 (1993).

[8]  While the Seventh Circuit held in *Thornton* that a derivative action under Rule 23.1 would also afford the desired protections, other courts have held that Rule 23.1 is not applicable to Section 502(a)(2) claims.  *See, e.g., Kayes v. Pacific Lumber Co.,* 51 F.3d 1499 (9th Cir.), *cert. denied,* 516 U.S. 914 (1995) ("Neither the text of Rule 23.1 nor the concerns that motivate its separate treatment for shareholder derivative actions apply here, for the plaintiffs are not 'shareholders' suing on behalf of a 'corporation.'") This Court need not reach this question, because Plaintiffs have alleged a class action and not a derivative action.

1   asserting what is actually one claim belonging to the Plan"); *Specialty Cabinets & Fixtures, Inc.*

2   *v. American Equitable Life Ins. Co.,* 140 F.R.D. 474, 478-79 (S.D. Ga. 1991) (holding class

3   certification necessary to ensure protection of "vital interests" of absent plan participants and

4   beneficiaries in their plan's recovery); S. SACHER, J. SINGER, ET AL., EMPLOYEE BENEFITS LAW

5   (BNA 2d ed. 2000), at 953 ("While class certification [in § 502(a)(2) cases] may be unnecessary

6   from a plaintiff's perspective, a successful defendant would obtain significant protection from a

7   binding order imposed on the class of prospective claimants.").

8       As the Supreme Court has explained in analyzing Section 502(a)(2), the common interest

9   shared by all four types of potential plaintiffs authorized to bring suit under this subsection "is in

10  the financial integrity of the plan."  *Russell,* 473 U.S. at 142; *see Thornton,* 692 F.2d at 1080

11  (explaining that claims for breach of fiduciary duty affecting plan as a whole "touch the interest

12  of every beneficiary"); *Wright v. Bosch Trucking Co.*, Inc., 804 F. Supp. 1069, 1073 (C.D. Ill.

13  1992) (explaining that plaintiff proceeding on behalf of the plan necessarily represents the

14  interests of all participants).  The procedural protections of a class action ensure that this

15  common interest is properly represented:

16          In section 409 actions, plan participants and beneficiaries lack the direct
            right to relief typically held by class members, since the actions are brought on
17          behalf of benefit plans.  Nevertheless, they retain vital interests in those suits,
            since any equitable or monetary relief awarded to the plan would ultimately
18          benefit them.

19  *Mertens,* 744 F. Supp. at 921, 924 (stating that class action "is the best means for asserting the

20  'common interest' of the participants or beneficiaries and the best interest of the Plan," and

21  refusing to dismiss suit on *res judicata* grounds where prior suit was not certified as class action).

22  Thus, although class certification has no impact on the Plan's potential recovery, class

23  certification will protect the common interest of all of the Plan's participants in maximizing that

24  recovery.

25  **B.    Legal Standards Applicable to Class Certification.**

26      This action presents a textbook example of a case appropriate for class action treatment.

27  A class action is "peculiarly appropriate" when a case raises legal issues "common to the class as

28  a whole," because in such a case, Rule 23 provides an economical vehicle for a resolution of

1    multiple common claims. *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Under this

2    standard, ERISA breach of fiduciary duty cases are appropriate for class action treatment. *See*

3    *Thornton,* 692 F.2d at 1080; *see also*, *e.g.*, *In re IKON Office Solutions, Inc. ERISA Litig.*, 191

4    F.R.D. 457, 462 (E.D. Pa. 2000). Even in a "doubtful case, . . . any error, if there is to be one,

5    should be committed in favor of allowing a class action." *Eisenberg v. Gagnon*, 766 F. 2d 770,

6    785 (3d Cir. 1985). In deciding whether a particular case is appropriate for class action

7    treatment, a court is not to be concerned with the merits of the action or the question of who will

8    prevail. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). The res judicata effect

9    accorded a certified class action is desirable without regard to the nature of the decision on the

10    merits. *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984).

11        To be certified as a class action, a plaintiff's claim must meet the four requirements of

12    Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ.

13    P. 23(a). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied,* 506 U.S. 1051

14    (1993) In addition, the case must fit into one or more of the categories set forth in Rule 23(b).

15    *Id.* As demonstrated below, this case meets the requirements of Rule 23(a) and (b). Finally, the

16    2003 amendments to the Federal Rules created a separate inquiry into appointment of class

17    counsel under Rule 23(g). *See* Fed. R. Civ. P. 23(g) Adv. Comm. Note. Here, Plaintiffs' counsel

18    are well-qualified to represent the class in this ERISA action.

19    **C.    The Requirements of Rule 23(a) Are Satisfied.**

20        Each of the four basic prerequisites enumerated in Rule 23 of the Federal Rules of Civil

21    Procedure – numerosity, commonality, typicality, and adequacy – is satisfied in this case.

22        **1.    The Class Is So Numerous that Joinder of All Members Is Impracticable.**

23        Rule 23(a)(1) requires that the proposed class be so numerous that the joinder of all class

24    members is impracticable. Plaintiffs need not, however, show that the number is so large that it

25    would be impossible to join every class member. *See Doe v. Guardian Life Ins. Co. of America*,

26    145 F.R.D. 466, 471 (N.D. Ill. 1992); *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909,

27    913-14 (9th Cir. 1964); *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Courts have

28    generally found that the numerosity requirement "has been satisfied when the class comprises 40

1    or more members, and will find that it has not been satisfied when the class comprises 21 or

2    fewer." *Ansari v. New York University*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998); *see also* 1

3    *Newberg on Class Actions*, § 3.3 at pp. 220-23 (4th ed. 2002) (hereinafter 1 *Newberg*);

4    *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).  However, there

5    is no required minimum number of class members, nor does the exact number of class members

6    need to be known for certification to be proper.  *See* 1 *Newberg*, § 3.5 at pp. 233-42.

7    Nevertheless, when the class is very large, that will ordinarily be enough in itself to satisfy Rule

8    23(a)(1).  1 *Newberg*, § 3:5 at p. 246.

9         The proposed class here satisfies the numerosity requirement.  As alleged in the

10   Complaint, the Plan had over 1,000 participants, most, if not all, of whom had Plan assets

11   allocated to their accounts invested in one or more Dynegy stock funds during the class period.

12   (¶ 76(a).)  In fact, the Complaint's figure is conservative.  The Plan's IRS Form 5500 filings from

13   2000 through 2003 (the most recent produced) indicate that the Plan had more than 2300

14   participants in each year.  (Exh. C, DYN-LIV 15850, 15872, 15894, 15915.)  Due to the Plan's

15   provision for automatic investment in employer stock of all company matching contributions and

16   company incentive contributions, most if not all of those participants are members of the

17   proposed class.[9]  Therefore, with a class size of over 2,000 individuals, the numerosity

18   requirement is clearly satisfied.

19        **2.    The Claims Present Questions of Law and Fact Common to the Class.**

20        Under Rule 23(a)(2), Plaintiffs must show that there are questions of law or fact common

21   to the class.  Fed. R. Civ. P. 23(a)(2).  It is not required that all issues of law or fact be common.

22   *Patterson v. General Motors Corp.,* 631 F.2d 476, 481 (7th Cir. 1980); *see also Keele v. Wexler*,

23   149 F.3d 589, 594-95 (7th Cir. 1998).  Rather, a single common issue of law or fact is sufficient

24   to satisfy the commonality requirement.  *Rosario,* 963 F.3d at 1018; *see also Forbush v. J.C.*

25   *Penney Co., Inc.*, 994 F. 2d 1101, 1106 (5th Cir. 1993) (threshold of commonality is not high); 1

26

27        [9]  *See* Plaintiffs' Memorandum in Opposition to All Defendants' Motions to Dismiss
     (Docket No. 46), at 13:25-14:9 (describing very limited circumstances in which a participant's
28   account could have been allocated no Dynegy stock fund units during the class period).

*Newberg*, § 3.10 at 3-50 (stating that commonality requirement is "easily met"). The fact that class members may suffer different degrees of injury does not defeat commonality. *See In re Visa Check/MasterMoney Antitrust Litigation*; 280 F.3d 124, 138-40 (2d Cir. 2001); *United Nat'l Records, Inc. v. MCA,* 101 F.R.D. 323, 326 (N.D. Ill. 1984).

In this case, common issues of law and fact concerning the proposed class include the following:

(1)   Whether each Defendant was a fiduciary of the Plan during the class period;

(2)   Whether in continuing the Plan's investments in Dynegy stock, Defendants failed to act as a prudent person acting in a like capacity and familiar with such matters would have done in the conduct of an enterprise of a like character and with like aims (*see* ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B));

(3)   Whether Defendants made misrepresentations to Plan participants and/or failed to disclose material information to participants regarding the Plan's investments in Dynegy stock;

(4)   Whether Defendants acted in their fiduciary capacities in connection with the alleged misrepresentations and/or failures to disclose;

(5)   Whether the alleged breaches caused losses to the Plan; and

(6)   Whether Defendants must make the Plan whole for its losses pursuant to ERISA § 409, 29 U.S.C. § 1109.

Accordingly, the commonality requirement is easily satisfied here.

In the ERISA context, courts repeatedly have held that issues similar to the above satisfy Rule 23(a)'s commonality requirement. *See, e.g.*, *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 305-06 (7th Cir. 1985) (noting that the district court certified class as "consisting of all persons on whose behalf a contribution has been made or was required to be made to the [Fund]" where breaches of fiduciary duty in connection with asset management transactions were involved); *Unitis v. JFC Acquisition Co.*, 643 F. Supp. 454, 463 (N.D. Ill. 1986) (granting class certification because there were questions of law or fact common to the class since the entire case stemmed from defendants' conduct directed toward assets in which all plaintiffs had an interest);

*Kolar v. Rite Aid Corp.*, 2003 WL 1257272, *2 (E.D. Pa. Mar. 11, 2003) (in breach of fiduciary duty case involving prudence of investment in company stock, commonality deemed "obvious," and the court expressed "no hesitation" in certifying the class); *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005) (finding commonality requirement satisfied where plaintiffs alleged breaches of fiduciary duty arising out of plan's investments in company stock); *In re CMS Energy ERISA Litig.,* 225 F.R.D. 539, 543 (E.D. Mich. 2004) (same); *In re WorldCom, Inc. ERISA Litig.,* 2004 WL 2211664, *1-*2 (S.D.N.Y. Oct. 4, 2004) (same); *Rankin v. Rots,* 220 F.R.D. 511, 522-23 (E.D. Mich. 2004) (same); *In re IKON,* 191 F.R.D. at 463-64, 467 (same). Likewise, the commonality requirement is satisfied here.

### 3. The Claims of the Representative Plaintiffs Are Typical of the Claims of the Class.

The "claims . . . of the representative parties [must be] typical of the claims . . . of the class." Fed. R. Civ. P. 23(a)(3). As the Supreme Court has noted, because both commonality and typicality focus on the similarity of the claims, the two requirements "tend to merge." *Falcon*, 457 U.S. at 157 n.13. The distinction between the two is that the commonality inquiry considers the similarity of claims among class members, the typicality inquiry, on the other hand, examines the similarity of claims between the *representatives* and the remainder of the class. 1 *Newberg* § 3.13, at 3-71.

The typicality requirement of Rule 23(a)(3) is satisfied if the named plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Rosario,* 963 F.2d at 1018. As stated in *Newberg*, "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class . . . the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." 1 *Newberg*, § 3.14 at p. 3-77. It is also possible to analyze typicality by asking "whether the adjudication of the class representatives' claims will necessarily involve the determination of common questions affecting the class." 1 *Newberg* at 387.

Here, Plaintiffs ask the Court to appoint Dennis Lively, Willis Harms, and Larry Grab as

1    class representatives. Each was a participant in the Plan throughout the class period. (Complaint

2    ¶¶ 6-8.) Each had portions of the Plan assets allocated to his account invested in one or more of

3    the Dynegy stock funds, and each seeks restoration to the Plan of losses on the Plan's Dynegy

4    stock investments. (FAC, ¶¶ 39, 43, 51.) The Class representatives' claims arise from the same

5    course of conduct by Defendants that gives rise to the claims of other Class members, namely,

6    Defendants' investment of Plan assets in Dynegy stock and their communications with Plan

7    participants concerning those investments. Further, adjudication of Plaintiffs' claims will

8    necessarily determine "common questions affecting the entire class" because the alleged activity

9    affected the Plan as a whole. *See In re Syncor*, 227 F.R.D. at 344 (holding typicality requirement

10   satisfied where the plaintiffs alleged breaches of fiduciary duty arising out of plan investments in

11   company stock because "[i]f the allegations . . . are true each member of the purported class

12   suffered injuries as an indirect result of the same breaches of fiduciary duty by the remaining

13   defendants").

14          In a breach of fiduciary duty action alleging misconduct towards the plan, the claims of

15   the class members are necessarily identical in nearly all respects because all class members are

16   members of the plan. *See, e.g.*, *Kayes*, 51 F.3d at 1463 ("[t]here is no doubt that the named

17   plaintiffs' claims [that ERISA fiduciaries breached their duties] are typical of the class claims";

18   the district court erred in concluding otherwise); *Babcock v. Computer Assocs. Int'l, Inc.*, 212

19   F.R.D. 126, 130-31 (E.D.N.Y. 2003) (common conduct of ERISA fiduciaries to all plan

20   participants satisfied typicality requirement); *LaFlamme v. Carpenters Local #370 Pension Plan*,

21   212 F.R.D. 448, 453-55 (N.D.N.Y. 2003) (finding typicality where all prospective class

22   members' claims arose from the same conduct by defendants); *Koch v. Dwyer*, 2001 WL 289972,

23   at *3 (S.D.N.Y. Mar. 23, 2001) (finding typicality of claims where the named plaintiff was an

24   ERISA plan participant during the class period and the plan's fiduciaries treated all participants

25   alike); *Becher v. Long Island Lighting Co.*, 164 F.R.D. 144, 151 (E.D.N.Y. 1996) (finding

26   typicality of claims where plaintiffs uniformly alleged that information was concealed from the

27   class in violation of ERISA and the conduct was directed at named plaintiffs and class members

28   alike); *Bunnion v. Consolidated Rail Corp.*, 1998 WL 372644, at *7 (E.D. Pa. May 14, 1998)

("Because the plaintiffs all challenge the same unlawful conduct, that is, alleged company-wide misrepresentations and omissions, the representative plaintiffs are typical of the class"); *McHenry v. Bell Atlantic Corp.*, 1998 WL 512942, at *4-6 (E.D. Pa. Aug. 19, 1998) (holding commonality and typicality requirements were met where claim was premised on defendant's misrepresentation about benefits); *Specialty Cabinets & Fixtures,* 140 F.R.D. at 476 ("Plaintiffs have brought this action in part to remedy a breach of fiduciary duty, and any recovery on this claim belongs to the ERISA fund. These claims of the Plaintiffs' are identical to those of other class members.").

This proposition is true notwithstanding that different class members' accounts may have been affected to different extents by the plan's losses. *See, e.g., In re IKON,* 191 F.R.D. at 465 (in company stock case, finding typicality of claims; "the named plaintiffs and the putative class would necessarily allege a similar course of conduct: that Ikon and the individual defendants failed to provide accurate information in violation of ERISA obligations"); *In re Syncor,* 227 F.R.D. at 340, 344; *In re CMS Energy,* 225 F.R.D. at 544. Thus, although the class representatives may have had larger or smaller Plan accounts than other individual class members, it is not necessary to a finding of typicality that all class members suffer injuries identicalto the class representatives; it is enough that the "allegations were derived from the same remedial and legal theories." *Wofford v. Safeway Stores Inc.*, 78 F.R.D. 460, 488 (N.D. Cal. 1978).

### 4.     Representative Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.

The fourth and final requirement of Rule 23(a) is that a proposed class representative must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Rule 23(a)(4) requires that the proposed representatives not have interests antagonistic to those of the class. *Rosario*, 963 F.2d at 1018. In order "[t]o serve as representatives the named plaintiffs must have common interests with class members and a lack of interests adverse to class members." *East Texas Motor Freight System Inc. v. Rodriguez*, 431 U.S. 395, 403-05 (1977).

The law governing the adequacy of representatives "is well-settled . . . only a conflict that

1    goes to the very subject matter of the litigation will defeat the party's claim of representative

2    status."  7 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1768, at 326-327.

3    Plaintiffs anticipate that Defendants will argue that differences in the degree to which Plan

4    participants may have been harmed create intra-class conflicts that preclude any Plan participant

5    from adequately representing the participants as a group.  Such a purported "conflict" does not go

6    to the subject matter of litigation, as demonstrated by, among other things, the fact that numerous

7    Section 502(a)(2) cases in which participants in individual account plans have been found to be

8    adequate representatives of their fellow participants.  *See, e.g., In re Syncor*, 227 F.R.D. at 344 ;

9    *In re CMS,* 225 F.R.D. at 544-45; *Rankin,* 220 F.R.D. at 521; *Kolar,* 2003 WL 1257272, at *2; *In

10   re IKON,* 191 F.R.D. at 463-64, 467.  In contrast, cases in which courts have found that conflicts

11   going to the subject matter of litigation preclude adequate representation by a plan participant

12   have included, for example, a case where the would-be class representative was also a former

13   fiduciary who would have liability to the plan if the class claims succeeded.  *Radell v. Towers

14   Perrin,* 172 F.R.D. 317, 320 (N.D. Ill. 1997).

15           Here, no conflict at all exists, let alone one that goes to the very subject matter of the

16   litigation.  To the contrary, the interests of the representative Plaintiffs are coextensive with those

17   of the members of the class, in that, as explained above, they share an interest in proving a

18   violation and obtaining the maximum recovery for the Plan.  Therefore, Plaintiffs satisfy the

19   adequacy requirement.

20   **D.    Certification Under Rule 23(b)(1) or (b)(2) Is Appropriate.**

21            In addition to demonstrating that the requirements of Rule 23(a) are met, Plaintiffs must

22   also establish that at least one subsection of Rule 23(b) is satisfied.  Here, certification would be

23   proper under either Rule 23(b)(1) and (b)(2).

24           ERISA classes are generally certified under Rule 23(b)(1) or, alternatively, under Rule

25   23(b)(2).  *See, e.g., In re Syncor*, 227 F.R.D. at 346-47 (certifying ERISA breach of fiduciary

26   duty claim under Rule 23(b)(1)(B)); *Bower*, 114 F.R.D. at 596 (certifying ERISA breach of

27   fiduciary duty claim under Rule23(b)(2)); *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d

28   Cir. 1990) (affirming certification under 23(b)(2)); *Westman v. Textron, Inc.*, 151 F.R.D. 229,

1    231 (D. Conn. 1993) (23(b)(1)(B)); *Becher*, 164 F.R.D. at 153-54 (23(b)(1) and (b)(2)); *Specialty*

2    *Cabinets*, 140 F.R.D. at 477 (S.D. Ga. 1991) (23(b)(1)(B)).  While an ERISA class may be

3    certified under Rule 23(b)(3), it is preferable to certify it under Rule 23(b)(1) or Rule 23(b)(2)

4    because of the superior *res judicata* effect of the litigation with regard to claims of all class

5    members.  *See Stoetzner*, 897 F.2d at 119; *Specialty Cabinets*, 140 F.R.D. at 477.  Indeed, as one

6    court has noted, a breach of fiduciary duty claim under ERISA Section 502(a)(2) is automatically

7    a representative claim because the statute grants individual participants and beneficiaries

8    standing to sue to enforce the rights of the plan against its fiduciaries.  *Kayes*, 51 F.3d at 1462;

9    *see also Russell*, 473 U.S. at 142 n.9.

10        Here, as explained above, if the Plaintiffs are successful under § 502(a)(2) in obtaining

11    relief from Defendants for their breaches of fiduciary duty, the entire recovery will flow to the

12    Plan, not the individual Plaintiffs or class members.  *See, e.g.*, *Gruby v. Brady,* 838 F. Supp. 820,

13    828 (S.D.N.Y. 1993); *Ream v. Frey*, 107 F.3d 147, 151-52 (3d Cir. 1997).  Because the class is

14    limited to participants in and beneficiaries of the Plan, all class members will ultimately benefit

15    from such recovery.  Accordingly, this action is suitable for certification under Rule 23(b).

### 1.    The Requirements of Rule 23(b)(1) Are Met.

17    Under Rule 23(b)(1), a class may be certified if:
18    (1) the prosecution of separate actions by or against individual
     members of the class would create a risk of

19        (A) inconsistent or varying adjudications with respect to
20        individual members of the class which would establish
21        incompatible standards of conduct for the party opposing the
     class, or

22        (B) adjudications with respect to individual members of the
23        class which would as a practical matter be dispositive of the
     interests of the other members not parties to the adjudications
24        or substantially impair or impede their ability to protect their
     interests[.]

25    Thus, Rule 23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks

26    to possible prejudice to the putative class members."  *In re IKON*, 191 F.R.D. at 466.

### a.    Rule 23(b)(1)(B).

28        In the context of ERISA breach of fiduciary duty claims, most courts have followed the

reasoning of the Federal Rules drafters and concluded that subsection (b)(1)(B) is the most natural and appropriate basis for class certification.  The Advisory Committee Note to Rule 23(b)(1)(B) emphasizes that this provision is particularly applicable where trust beneficiaries charge a breach of trust by a fiduciary:

> The same reasoning applies to an action which charges a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a larger class of security holders or other beneficiaries, and which requires an accounting or like measures to restore the subject of the trust.

Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee Note (1966 Amendment); *see Church v. Consolidated Frieghtways, Inc.*, 1991 WL 284083, *14 (N.D. Cal. Jun. 14, 1991) (invoking advisory committee note in certifying breach of fiduciary duty claim under (b)(1)(B)); *Banyai v. Mazur*, 205 F.R.D. 160, 165 (S.D.N.Y. 2002) (certifying class under subsection (b)(1)(B) and invoking the Advisory Committee Notes); *Koch*, 2001 WL 289972, at *5; *Gruby*, 838 F. Supp. at 828 (holding certification is proper under subsection (b)(1)(B) because actions to remedy a breach of fiduciary duty affect all participants and beneficiaries); *Becher*, 164 F.R.D. at 153.

Accordingly, courts have certified ERISA breach of fiduciary duty claims under Rule 23(b)(1)(B).  *See*, *e.g.*, *In re Syncor*, 227 F.R.D. at 346-47 (certifying ERISA breach of fiduciary duty claim arising out of investment of plan assets under (b)(1)(B)); *In re Louisiana Pacific*, 2003 WL 23537936, *9 (D. Or. Jan. 24, 2003) (certifying under 23(b)(1)(B) because "adjudication for an individual plaintiff would in a  practical sense be dispositive of the interests of the other plan participants"); *Gruby*, 838 F. Supp. at 828; *Becher*, 164 F.R.D. at 153-54; *Bunnion*, 1998 WL 372644 at *13;  *In re IKON*, 191 F.R.D. at 467 (certifying under Rule 23(b)(1)(A) and/or (B)); *Specialty Cabinets*, 140 F.R.D. at 477-79.

Because of ERISA's distinctive "representative capacity" and remedial provisions, this is a paradigmatic case for class treatment under Rule 23(b)(1)(B).  Here, the Court's adjudication of whether Defendants breached their fiduciary duties or other provisions of ERISA by imprudently investing Plan assets, by making misrepresentations, or by failing to disclose information  will, as a practical matter, dispose of the Class members' claims in those regards.  *See In re Syncor*, 227

F.R.D. at 346 (certifying under (b)(1)(B) where "[i]f the primary relief is to the Plan as a whole, then adjudications with respect to individual members of the class would 'as a practical matter' alter the interests of other members of the class – if one plaintiff forces the Defendants to pay damages to the Plan, the benefit would affect everyone who has a right to disbursements under the Plan"). Rule 23(b)(1)(B), therefore, is a proper vehicle for certification in this case. Moreover, this case is analogous to the situation specifically mentioned in the Advisory Committee Notes cited above: Plaintiffs charge breaches of trust by the Plan's fiduciaries that affected all of the class members.

### b.  Rule 23(b)(1)(A).

After determining that a class of participants and beneficiaries seeking recovery from an ERISA fiduciary satisfies subsection (b)(1)(B) of Rule 23, some courts deem it unnecessary to reach the other potentially-applicable subsections of Rule 23(b). *See, e.g.*, *Koch*, 2001 WL 289972, at *5 n.2; *Gruby*, 838 F. Supp. at 828.

Other courts, however, certify ERISA class actions under both subsections (b)(1)(B) and (b)(1)(A). *See Kolar*, 2003 WL 1257272, at *3 ("[A] (b)(1) class is a perfect vehicle for resolving complex ERISA issues such as these involved here."); *Thomas v. SmithKline Beecham Corp.*, 201 F.R.D. 386, 397 (E.D. Pa. 2001); *In re IKON,* 191 F.R.D. at 467.  Still others choose to rely on subsection (b)(1)(A) alone.  *Babcock*, 212 F.R.D. at 131; *Clauser v. Newell Rubbermaid, Inc.*, 2000 WL 1053395, at *6. In this case, class certification would be proper under both (b)(1)(B) and (b)(1)(A).

> We find that the ERISA [claims for breach of fiduciary duties, among others] are appropriate for certification under both [23(b)(1)(A) and  (b)(1)(B)].  All of these claims relate to the interpretation and application of ERISA Plan. [Defendant] Conrail treated the proposed class and subclass identically and any equitable relief granted will affect the entire class and subclass. Failure to certify a class would leave future plaintiffs without adequate representation. Moreover, we see a high likelihood of similar lawsuits against defendants should this class be denied. . . . Inconsistent judgments concerning how the Plan should have been interpreted or applied would result in prejudice.

*Bunnion*, 1998 WL 372644, at *13; *see Thomas*, 201 F.R.D. at 397 (granting class certification under subsection (b)(1)(A); "the plaintiffs seek broad declaratory and injunctive relief related to defendants' conduct and the terms of the plan.  If this relief were granted in some actions but denied in others, the conflicting declaratory and injunctive relief could make compliance impossible for defendants"); *In re IKON,* 191 F.R.D. at 466 (granting certification under (b)(1)(A); "There is also risk of inconsistent dispositions that would prejudice the defendants: contradictory rulings as to whether Ikon had itself acted as a fiduciary, whether the individuals defendants had, in this context, acted as fiduciaries, or whether the alleged misrepresentations were material would create difficulties in implementing such decisions").

Accordingly, class certification is appropriate under subsection 23(b)(1)(A) in addition to 23(b)(1)(B).

**2.    Certification Is Appropriate Under Rule 23(b)(2).**

The proposed Class also qualifies easily for certification under Rule 23(b)(2) because defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . ."  F. R. Civ. P. 23(b)(2).  This requirement "is almost automatically satisfied in actions primarily seeking injunctive relief . . . ."  *Baby Neal for and by Kanter v. Casey*, 43 F.3d 48, 58-59 (3d Cir. 1994).  What is important under Rule 23(b)(2) is that the relief sought by the named plaintiffs benefit the entire class.  *Id.*

Rule 23(b)(2), like Rule 23(b)(1)(B), has been a frequent vehicle for certification of classes in ERISA actions, including actions alleging breaches of fiduciary duty, and including fiduciary breach cases based on inaccurate disclosures.  *See*, *e.g.*, *Riviera v. Patino*, 524 F. Supp. 136 at 149 (D.C. Cal. 1981) (certifying ERISA class under (b)(2), stating that "there could be no reasonable dispute" that the requirements of (b)(2) were satisfied); *Becher,* 164 F.R.D. at 153-54; *Halford v. Goodyear Tire & Rubber Co.*, 161 F.R.D. 13, 16 (W.D.N.Y. 1995);  *Shultz v. Teledyne*, 657 F. Supp. 289, 295 (W.D. Pa. 1987).

As discussed in detail above, Plaintiffs' claims are based on conduct by Defendants that is generally applicable to the Class as a whole.  Plaintiffs allege that Defendants breached their

fiduciary duties to Plan participants and caused losses to the Plan by, *inter alia*, failing to invest the Plan's assets prudently, making misrepresentations to Plan participants concerning Dynegy stock, and failing to disclose information to Plan participants concerning Dynegy stock.  These fiduciary breaches affected all of the Plan's participants and beneficiaries; it cannot be disputed that this conduct was "generally applicable to the class."  *See, e.g., Riviera*, 524 F. Supp. at 149 (certifying ERISA class under (b)(2), stating that "there could be no reasonable dispute" that the requirements of (b)(2) were satisfied); *Amara v. CIGNA Corp.*, No. 01-2361, 2002 WL 31993224, at *4 (D. Conn. Dec. 20, 2002) (claim for relief to plan under ERISA falls squarely within the purview of subsection (b)(2)); *LaFlamme*, 212 F.R.D. at 456-57 (certifying ERISA class under (b)(2) where plaintiffs challenged defendants' conduct generally applicable to the class and sought declaratory relief that defendants had violated ERISA); *Becher*, 164 F.R.D. at 153 (certifying breach of fiduciary duty claims based on alleged misrepresentations and concealment under subsection (b)(2)); *Bunnion*, 1998 WL 372644, at *14 (granting certification of (b)(2) class to assert claims under ERISA because the case "seeks to define the relationship" between plan participants and fiduciaries)).

Plaintiffs seek declaratory and injunctive relief compelling Defendants, and each of them, to make the Plan whole for its losses.  A determination by the Court that Defendants violated ERISA as to any of the named Plaintiffs would necessarily imply a declaration that Defendants violated ERISA as to all class members.  Accordingly, Plaintiffs' claims are properly certified under Rule 23(b)(2).

**E.    Plaintiffs' Counsel Should Be Appointed Class Counsel.**

New Fed. R. Civ. P. 23(g) requires that courts consider the following four factors when appointing class counsel:  whether (1) counsel has investigated the class claims, (2) counsel is experienced in handling class actions and complex litigation, (3) counsel is knowledgeable regarding the applicable law, and (4) counsel will commit adequate resources to representing the class.  *Morelock Enterprises, Inc. v. Weyerhaeuser Co.*, 2004 WL 2997526, *5 (D. Or. Dec. 16, 2004).  In this case, all of these requirements are amply met as demonstrated in the accompanying Declaration of Teresa S. Renaker in Support of Appointment of Class Counsel

("Renaker Dec. re Class Counsel").  As set forth therein, counsel conducted an extensive pre-litigation investigation of the class claims, including obtaining and reviewing documents.  (Renaker Dec. re Class Counsel, ¶¶ 3.)  Plaintiffs' counsel have extensive experience in ERISA litigation generally and ERISA class actions in particular.  (Renaker Dec. re Class Counsel, ¶¶ 4-6.)  Plaintiffs' counsel are knowledgeable about the applicable law, ERISA, both due to extensive litigation experience as well as writing and speaking on the subject.  (Renaker Dec. re Class Counsel, ¶¶ 7-24.)  Finally, counsel have committed resources to representing the class and have a demonstrated ability to represent classes throughout long-term class litigation.  (Renaker Dec. re Class Counsel, ¶¶ 21.)  Accordingly, appointment of Plaintiffs' counsel as class counsel is appropriate.

## IV.  CONCLUSION.

This case presents an ideal opportunity to use class certification to simplify and streamline judicial proceedings.  As shown above, numerous courts have applied Rule 23 in the context of claims by ERISA plan participants and beneficiaries against the fiduciaries of their plans.  In almost every instance, these prior courts have determined that class certification is proper under Rule 23(a) and subsections (b)(1)(B), (b)(1)(A) and/or (b)(2).  This is no coincidence:  the distinctive character of ERISA law invites these results.

Accordingly, Plaintiffs respectfully ask this Court to certify the proposed class under Fed. R. Civ. P. 23(a), (b)(1)(B), (b)(1)(A) and (b)(2), and to appoint Plaintiffs' counsel as Class Counsel under Fed. R. Civ. P. 23(g).

Dated: September 30, 2005                    Respectfully submitted,

                                             LEWIS, FEINBERG,
                                             RENAKER & JACKSON, P.C.

                                    By:      /s/ Teresa S. Renaker
                                             Teresa S. Renaker
                                             Attorneys for Plaintiffs