**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DENNIS LIVELY,** | ) | |
| **WILLIS HARMS, and** | ) | |
| **LARRY GRAB,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 05-cv-0063-MJR** |
| | ) | |
| **DYNEGY, INC.,** | ) | |
| **ILLINOIS POWER COMPANY,** | ) | |
| **DYNEGY MIDWEST** | ) | |
| **GENERATION, INC.,** | ) | |
| **DYNEGY, INC.  BENEFIT** | ) | |
| **PLANS COMMITTEE,** | ) | |
| **LOUIS DOREY,** | ) | |
| **ROBERT D.  DOTY,** | ) | |
| **MARIAN M.  DAVENPORT,** | ) | |
| **ALEC G.  DREYER,** | ) | |
| **JOHN FORD,** | ) | |
| **ANDREA LANG,** | ) | |
| **TOM LINTON,** | ) | |
| **LISA Q.  METTS,** | ) | |
| **MICHAEL MOTT,** | ) | |
| **MILTON L.  SCOTT, and** | ) | |
| **R.  BLAKE YOUNG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER ON MOTIONS TO DISMISS UNDER FED.  R.  CIV.  P. 12(B)(6) AND 9(B)

**REAGAN, District Judge:**

### INTRODUCTION

Plaintiffs filed this putative class action requesting relief under ERISA on behalf of

all participants (with certain persons excluded from the Class definition)  "in the Plan for whose

individual accounts the Plan held shares of Dynegy Inc. ("Dynegy") stock at any time from February

1, 2000 to the present." The Plan has both employer and employee contribution features, which

permit and require, respectively, investment in Dynegy stock. This employer sponsored retirement plan lost value because Dynegy's stock lost value due to accounting improprieties which are not themselves at issue in this suit.  The violations became public in April of 2002 when Dynegy announced that it was under investigation by the SEC.  According to the complaint, the value of Dynegy's stock reacted to the disclosure by falling 23%. During the relevant time frame, the complaint pegs the stocks' highwater mark at $54.88 on September 30, 2000; low tide occurred on December 31, 2002 at 47 cents per share.   Plaintiffs bring the action under a provision of ERISA allowing plan participants to sue fiduciaries to force them to personally make good any plan losses that resulted from a breach of a fiduciary's duty. **29 U.S.C. §§ 1109(a), 1132(a)(2).**  Specifically, they allege that the fiduciaries knew that Dynegy's stock value had been inflated and that this placed the value of the benefit plan at risk, but that they did not divest the plan of Dynegy stock.  Plaintiffs also allege that the fiduciaries misrepresented the state of the plan to plan participants by making false corporate earnings statements.

Defendants have moved to dismiss the entire case for failure to state a claim upon which relief can be granted under **Fed. R. Civ. P. 12(b)(6)** and also claim the second claim for relief lacks the requisite particularity required  of **Fed. R. Civ. P. 9(b)** when fraud is pled**.**  They assert (1) that suits may only be brought to recover losses to the plan as a whole, and not to individual beneficiaries; (2) that the Dynegy stock contributed is subject to the "settlor doctrine" and is immune from fiduciary challenge; (3) that Plaintiffs have not pled their misrepresentation claim with the particularity required by   **Fed. R. Civ. P. 9(b)** and that corporate misrepresentation is not fiduciary misrepresentation; and (4) that many of the individual Defendants were not fiduciaries of the plan during the applicable time period.

2

There are two benefit plans at issue, each of which has been the subject of amendment. References to "the Plan" will be made when discussion applies to both instruments and their amendments.

## JURISDICTION AND PROCEDURAL HISTORY

Plaintiffs bring their action for declaratory, injunctive, equitable and monetary relief pursuant to **ERISA § 502, 29 U.S.C. 1132**.  This Court enjoys subject matter jurisdiction over plaintiffs' claims under **ERISA § 502 (e)** and **(f)**, **29 U.S.C. 1132 (e)** and **(f)**, and **28 U.S.C. § 1331**.

The complaint in this case was filed in this Court on January 31, 2005 against all defendants named in the above style, along with the Dynegy Inc. Benefit Plans Committee which was voluntarily dismissed on June 23, 2005 (Doc. 60). Motions to transfer venue to Texas were filed, briefed and denied on October 31, 2005 (Doc. 90).  Oral argument on the motions to dismiss that are the subject of the instant order were held on January 5, 2006.

## THE PLAN IN A NUTSHELL

The formal name of the 1997 instrument in issue is the Illinois Power Company Incentive Plan for Employees Covered Under a Collective Bargaining Agreement as Amended and Restated Effective January 1, 1991 and as further Amended through June 1997.  The formal name of the 2002 instrument is the Illinois Power Company Incentive Savings Plan for Employees Covered Under a Collective Bargaining Agreement as Amended and Restated Effective January 1, 2002.

The plan is employer sponsored and provides for individual retirement accounts with both employer and employee contribution features, which permit and require, respectively,

investment in Dynegy stock.

## THE PLAINTIFFS AND THE DEFENDANTS

Plaintiffs Lively, Harm and Grab have each worked for defendant Dynegy or its predecessors for more than 30 years. As a result of this employment, each participates in the Plan, which is a "defined contribution" or "individual account" pension plan.  Plaintiffs seek to represent a class of plan participants "for whose individual accounts the Plan held shares of Dynegy stock at any time from February 1, 2000 to the present.

Defendants are individuals and entities who are or have been fiduciaries of the plan at some or all times between February 2000 and the present, including members of the Dynegy Inc. Benefit Plan Committee. Each individual defendant, at the time he or she served as a fiduciary, also served as an officer of Dynegy.

## DEFENDANTS' Fed. R. Civ. P. 12(b)(6) MOTIONS

At Doc.22 Dynegy Inc., Dynegy Midwest Generation, Inc, Louis Dorey, Marian M. Davenport, Alec G. Dreyer, John E. Ford, Tom Linton, Lisa Q. Metts, Michael Mott, Milton L. Scott and R. Blake Young filed motions to dismiss under **Fed. R. Civ. P. 12(b)(6)** in which defendants Illinois Power Company and Robert D. Doty join. Defendant Illinois Power ("IP") filed at Doc. 21 a separate **Fed. R. Civ. P. 12(b)(6)** motion. At Doc.29 defendant Robert D. Doty pursues a separate **Fed. R. Civ. P. 12(b)(6)** motion to dismiss.

### *Standard for Fed. R. Civ. P. 12(b)(6) Dismissal*

When reviewing a complaint in the context of a dismissal motion filed under **Federal Rule of Civil Procedure 12(b)(6)**, the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences.  ***Echevarria v. Chicago Title & Trust***

4

***Co.*, 256 F.3d 623, 625 (7th Cir. 2001), *citing Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).**

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).  *Accord Galdikas v. Fagan*, 342 F.3d 684, 688(7th Cir. 2003)("Dismissal is proper if it appears beyond doubt that the plaintiffs cannot prove any set of facts entitling them to relief.").**

If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate. ***Alper* at 684, *quoting Veazey*, 194 F.3d at 854.**

### ***Analysis of Defendants Fed. R. Civ. P. 12(b)(6) Motions***

The mantra that needs repeating as this Fed. R. Civ. P. 12(b)(6) motions analysis is reviewed is that under the rule the court must construe the allegations in the complaint in the light most favorable to the plaintiffs, taking as true all well pleaded facts in the complaint and drawing reasonable inferences in their favor. ***Botkowski v.  First Nat'l Bank of Cicero*, 998 F. 2d 459 (7th Cir. 1993.)** To the extent this order relates facts, they either come from plaintiffs complaint or are uncontested.  Under **Fed. R. Civ. P. 12(b)(6)**, plaintiffs get the benefit of the doubt.  As such, some of defendants claims may be persuasive at the summary judgment stage but are premature at this stage. Consistent with this principal, certain defendants claims that they  were not fiduciaries at relevant portions of the applicable time period is premature at this juncture; those contentions  are more appropriately considered at the summary judgment stage when the record is more fully

developed. Another example of a premature argument was raised by IP at oral argument: that it was Plan Administrator only to July 21, 2000 and not, as plaintiffs allege, "to a date before April 1, 2004." Discovery will tell the tale. Dismissal under **Fed. R. Civ. P. 12(b)(6)** is inappropriate if plaintiffs can prove any set of facts showing a breach of fiduciary duty by defendants and whether any relief can be granted under such facts. The purpose of a **Fed. R. Civ. P. 12(b)(6)** motion is to test the sufficiency of the complaint–not to resolve the case on the merits. To state a claim of breach of fiduciary duty under ERISA, plaintiff must allege that a defendant was a plan fiduciary and that its acts or omissions, as fiduciary, constituted a breach of its duty. ***See* ERISA §§ 408, 502(a)(2), 29 U.S.C. § 1109, 1132 (a)(2);** *Pegram v. Herdirich*, **530 U.S. 211, 225-226 (2000)**. Plaintiffs complaint in the instant case passes muster under this standard.

      Defendants contend the complaint is fatally defective because no remedy is available under ERISA for what defendants contend is a claim for individual remedies rather than relief for the plan as a whole. Section 409 holds breaching fiduciaries liable for resulting "losses to the Plan"and thus permits only actions in which the recovery sought benefits the plan as a whole, as opposed to individual beneficiaries. ***Mass. Mut. Life Ins. Co. V. Russell*, 473 U.S. 134, 142 (1985) ("Russell"),** *Plumb v. Fluid Pump Serv. Inc.*, **124 F.3d 849,863 (7th Cir. 1997)**. In *Russell*, plaintiffs' § 502(a)(2) claim resulted from termination of her disability benefits which she contended aggravated her physical and psychological conditions. The Court held these damages, clearly personal in nature to her, were not losses to the plan recoverable under § 409 because recovery under that section must inure to the benefit of the plan as a whole. *Id.* **at 140.** Section 409 expressly provides for recovery of "any losses" to the plan. *Russell* does not hold that losses are only recoverable under section 409 if they are allocated to every participant in the plan. Rather, the

Supreme Court, in *Russell*, simply limited the relief available under section 409 to relief that is directed to the plan rather than to individual participants. The Plan at issue is an individual retirement plan and nothing in the text of §§ 409 or 502(a)(2) precludes claims for breach of fiduciary duty under ERISA. To hold otherwise, and accept defendants narrow reading, would mean a claim could only be brought where the loss affects each and every account. ***Kuper v. Iovenko*, 66 F.3d 1447 (6th Cir. 1995)** rejected this notion because it would "insulate fiduciaries who breach their duty so long as the breach does not harm all of the plan's participants. Such result clearly would contravene ERISA's imposition of a fiduciary duty that has been characterized as "the highest known to law." *Id.* at 1453** (citations omitted). By its clear terms, section 409 requires fiduciaries to make good "any losses" to the plan, not just losses that have an impact on every single participant of the plan. Notably, plaintiffs' prayer for relief seeks restitution of losses to the Plan, followed by an allocation of such funds to the participant's accounts. This is consistent with the fact that all assets of an individual account pension plan are owned by the Plan, not the participants. Plaintiffs' contention that the Plan consists of a unitary corpus of trust assets in which only its trustee enjoys an ownership interest is persuasive and consistent with fundamental trust law.

Defendants next seek **Fed. R. Civ. P. 12(b)(6)** dismissal based upon the "settlor doctrine." IP and Dynegy were not acting as fiduciaries but as plan sponsors when designing the plan to include employer contributions in the form of Dynegy stock. As plan sponsors or "settlors" they were not acting in a fiducial capacity and therefore could not breach any fiduciary duty. Plaintiffs do not dispute that establishing plan terms is not a fiduciary function, citing ***Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 444 (1999)**.(See Doc. 46 at p. 21). Defendants seek **Fed. R. Civ. P. 12(b)(6)** dismissal of the elimination claim "only as to the employer contributions." (See

7

Doc. 22-2, pp.11,13). The "settlor"doctrine is not triggered by plaintiffs complaint.  Plaintiffs first claim for relief is referred to as the "elimination" claim because Plaintiffs contend Dynegy Inc. stock, which was by design included as part of the employers contribution, should have been eliminated as an imprudent investment. Plaintiff's do not claim the requirement of an employer contribution of Dynegy stock is a breach. While the Plan required employer contributions to be made in Dynegy Inc. stock and the establishment of that requirement was a settlor function, the Plan's fiduciaries enjoyed discretion to discontinue such investments if Dynegy Inc. stock was an imprudent investment. Under the '02 Plan, the Committee had the authority to "establish or designate Investment Funds as investment options." ('02 Plan, § 12.6 (n).)

Given the broad discretion afforded the Plan's fiduciaries to interpret and implement the Plan, defendants contention that the fiduciaries were not empowered to eliminate Dynegy Inc. stock after it was placed in trust is without merit. The Plan required employer contributions to be in the form of Dynegy Inc. stock but no plan provision precluded later elimination of that stock . *See, e.g.*, *In re Worldcom, Inc. ERISA Litig.*, **263 F. Supp. 2d 745, 764 (S.D.N.Y. 2003)**. Accordingly, Plaintiffs have stated a claim for relief for defendants alleged violation of duty of prudence.

Defendant Illinois Power Company, in its separate motion to dismiss under **Fed. R. Civ. P. 12(b)(6)** (Doc. 21), also claims Plaintiffs' second claim for relief—breach of duty of loyalty—fails to state a claim.  IP contends the paragraphs charging Dynegy with failure to make disclosures regarding earnings releases or SEC filings are silent as to IP.  In support, IP points the Court to numbered paragraphs 39, 41, 43, 45, 49 and 51–54. However, in paragraph 74, Plaintiffs allege that Defendants' "representations concerning Dynegy revenue, cashflow and earnings and

concerning Project Alpha, the round-trip trades and manipulation of energy prices in the California market were materially false and misleading, and defendants *failed to disclose material information concerning these matters*" (emphasis supplied). In ***Anweiler v. Am. Elec. Power Serv. Corp.*, 3 F.3d 986, 991 (7th Cir. 1993)**, the Court outlined fiduciaries duties under ERISA:

> Fiduciaries breach their duties of loyalty and care if they mislead plan participants or misrepresent the terms or administration of a plan. Fiduciaries must also communicate material facts affecting the interests of the beneficiaries. This duty exists when a beneficiary asks fiduciaries for information, and even when he or she does not.

Because the complaint alleges breaches of both the duty to not affirmatively mislead participants and the duty to disclose material facts affecting a participants interest, the motion is not well taken.

## *DEFENDANTS' Fed. R. Civ. P. 9(B)  MOTIONS TO DISMISS*

These motions attack only the second claim for relief of the complaint and are filed by Dynegy Midwest Generation, Inc, Louis Dorey, Marian M. Davenport, Alec G. Dreyer, John E. Ford, Tom Linton, Lisa Q. Metts, Michael Mott, Milton L. Scott and R. Blake Young file at Doc. 22. Defendants Illinois Power Company and Robert D. Doty join in this motion.  Dynegy Inc. concedes the claims against it are pled with the specificity  **Fed. R. Civ. P. 9(b)** requires (See Doc.22-1, p. 2). Defendant Illinois Power files at Doc. 21 a separate **Fed. R. Civ. P.  9(b)** dismissal request.

### *Standard for  Fed. R. Civ. P. 9(b) Dismissal*

 **Fed. R. Civ. P. 9(b)** requires averments of fraud or mistake to be stated with particularity. It states:

> A party must plead fraud and mistake with particularity, but may

plead malice, intent, knowledge, and other conditions of mind generally.

### *Analysis of Defendants Fed. R. Civ. P. 9(b) Motions*

Plaintiffs' second claim for relief alleges brief of duty of loyalty, contending that Defendants made "false, misleading, incomplete and inaccurate disclosures and representations to the Plans participants." (See Doc. 1-1 p.19). **Fed. R. Civ. P. 9(b)** applies to fraud and mistake and is strictly construed. ***Kennedy v. Venrock Assoc.*, 348 F.3d 584, 593 (7th Cir. 2003)**. As such, the heightened pleading requirement of **Fed. R. Civ. P. 9(b)** does not apply to non-disclosure claims; i.e. the "incomplete ... disclosures and representations to the Plans participants ... ." Contrary to Plaintiffs' assertions in Doc. 46, p. 23, they *have* alleged affirmative misrepresentations; i.e. "false, misleading ... inaccurate ... disclosures and misrepresentations to the Plans participants ... ." (See Doc.1-1, Compl., ¶85). As a result, those portions of plaintiffs second claim for relief which allege false, misleading and inaccurate disclosures and representations are **DISMISSED without prejudice** and with leave to refile as ordered below.

### *CONCLUSION*

For the reasons stated above:

A) Motion of Defendant Illinois Power Company to Dismiss Complaint (Doc. 21) is **DENIED in part and GRANTED in part**. It is denied in its entirety to the extent it requests dismissal under **Fed. R. Civ. P. 12(b)(6)**. To the extent it requests dismissal under **Fed. R. Civ. P. 9(b)**, it is denied in part and granted in part. It is granted to the extent plaintiff's complaint alleges "false, misleading ... inaccurate ... disclosures and misrepresentations to the Plans participants ... ." Plaintiff is granted 21 days from the date this order is docketed to replead these allegations with the

specificity required by **Fed. R. Civ. P. 9(b)**. Plaintiffs should file a new complaint in its entirety and not amend by interlineation. Defendants shall answer within 21 days thereafter.  The motion is denied under **Fed. R. Civ. P. 9(b)** in all other respects.

B) Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 22) filed on behalf of Dynegy Inc., Dynegy Midwest Generation, Inc, Louis Dorey, Marian M. Davenport, Alec G. Dreyer, John E. Ford, Tom Linton, Lisa Q. Metts, Michael Mott, Milton L. Scott and R. Blake Young in which defendants Illinois Power Company and Robert D. Doty join, is **DENIED in part and GRANTED in part**.  It is denied in its entirety to the extent it requests dismissal  under **Fed. R. Civ. P. 12(b)(6).**  To the extent it requests dismissal under. **Fed. R. Civ. P. 9(b)**, it is denied in part and granted in part. It is granted to the extent plaintiff's complaint alleges "false, misleading ... inaccurate ... disclosures and misrepresentations to the Plans participants ... ." Plaintiff is granted 21 days from the date this order is docketed to replead these allegations with the specificity required by **Fed. R. Civ. P. 9(b)**. As indicated above, Plaintiffs should file a new complaint in its entirety and not amend by interlineation. Defendants shall answer within 21 days thereafter.  The motion is denied under **Fed. R. Civ. P. 9(b)** in all other respects.

C) Defendant Robert D. Doty's separate Motion to Dismiss under **Fed. R. Civ. P. 12(b)(6)** (Doc.29) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 15th day of February, 2006.**

**s/Michael J.  Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

11