# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENNIS LIVELY, et al.,** )
                              )
           **Plaintiffs,** )
                              )
     **vs.** )   **Case No. 05-CV-0063-MJR**
                              )
**DYNEGY, INC., et al.,** )
                              )
          **Defendants.** )
                              )

**REAGAN, District Judge:**

       The Court has received from the United States Court of Appeals for the Seventh Circuit an Order, dated September 18, 2008, granting the parties' joint motion to remand. The Order remands the appeal pursuant to Circuit Rule 57 for further proceedings consistent with the District Court's Order of September 4, 2008. Accordingly, now before the Court for disposition is the Class Plaintiffs' Unopposed Motion for Order Amending Class Definition and Approving Class Action Settlement, Settlement Allocation, and Incentive Awards, and for Entry of Final Judgment. The proposed settlement in this case was preliminarily approved by this Court on April 30, 2008 ("Preliminary Approval Order") (Doc. 180). Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a fairness hearing under Fed. R. Civ. P. 23(e) on September 4, 2008. The Court has reviewed the materials submitted by the parties, and has heard arguments presented at the hearing. For the reasons cited on the record as well as those stated hereafter, the Court **FINDS** and **ORDERS** as follows:

       1.    The Court finds that this action satisfies the requirements of Rule 23, for the reasons set forth in its prior class certification order (Doc. 170) and the Preliminary Approval Order, and

further finds that the Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.

2.     The Class definition is hereby amended as set forth in the Preliminary Approval Order and the Class Notice ("Notice"), and the Class herein is defined as follows:[1]

All Persons for whose individual accounts the Illinois Power Company Incentive Savings Plan for Employees Covered Under A Collective Bargaining Agreement, renamed the Dynegy Midwest Generation Incentive Savings Plan for Employees Covered Under A Collective Bargaining Agreement ("the Plan") held shares of Dynegy stock at any time from February 1, 2000, to January 17, 2008, inclusive, and as to each such Person, his or her beneficiaries, alternate payees, Representatives and Successors in Interest; provided, however, that notwithstanding the foregoing, the Settlement Class does not include any of the Individual Defendants in this lawsuit, any officer or director of Dynegy Inc., Dynegy Midwest Generation, Inc., or Illinois Power Company, or any of the Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives, or Successors-in-Interest, except for immediate family, beneficiaries, alternate payees, Representatives or Successors in Interest who themselves were participants in the Plan, who shall be considered members of the Settlement Class with respect to their own Plan accounts.

3.     The Notice approved by the Court was provided by first class direct mail to the last known address of each of the 2,839 individuals identified as potential Class members.  In addition, follow-up efforts were made to send the Notice to 221 individuals whose original notices were returned as undeliverable.  The Notice was also published in nine newspapers in Southern Illinois and posted on Class Counsel's website.  The Notice adequately described all the relevant and necessary parts of the proposed settlement agreement, the request for incentive payments to the named plaintiffs, and Class Counsel's motion for an award of attorneys' fees and costs.

4.     The Court finds that the Notice given to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process concerns, and provides the Court

---

[1] Capitalized terms in the Class definition have the meanings ascribed to them in the Settlement Agreement, unless otherwise defined in the Class definition or in this Order.

with jurisdiction over the Class members.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(f).

6. The Court has considered and applied the factors set forth in ***Armstrong v. Board of School Directors of the City of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980)**, and ***Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)**, and has concluded that the settlement, as set forth in the settlement agreement executed by the parties ("Settlement Agreement") is fair, reasonable and adequate. The Court finds that the uncertainty and delay of further litigation strongly support the reasonableness and adequacy of the $17.9 million settlement fund established pursuant to the Settlement Agreement ("Settlement Fund") and accompanying injunctive relief.

7. Out of the 2,839 individuals identified as potential Class members who were notified, not one has objected to any aspect of the proposed settlement. The reaction of the Class to the proposed settlement strongly supports the conclusion that the proposed settlement is fair, reasonable, and adequate.

8. The settlement is hereby **APPROVED** in its entirety.

9. A permanent injunction, without the necessity of a bond, is hereby issued against Class members from prosecuting parallel actions.

10. The Plan of Allocation was preliminarily approved by the Court and its formula was set forth in the Class Notice. The Plan of Allocation, with such formula, is set forth as Exhibit A hereto, and the Plan trustee is ordered to allocate the settlement proceeds in accordance with Exhibit A.

11. Named Plaintiffs Dennis Lively, Willis Harms, and Larry Grab are hereby awarded

3

incitive payments of $10,000 each for their time and effort in pursuing this litigation.

12.     For the reasons set forth in Plaintiffs' Unopposed Motion for Award of Attorneys' Fees and Costs, the motion for attorneys' fees and costs is **GRANTED** (Doc. 187). Specifically, the Court finds based on the evidence presented by Class Counsel, and the Court's awareness of the market, that the requested award of $67,225.36 in costs and $3,566,550 in attorneys' fees, representing 20% of the settlement fund after reimbursement of costs, is at or below the market rate for this and similar litigation, is fully supported by the Seventh Circuit's decision in ***In re Synthroid Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001)**, ("Synthroid I"), and is otherwise appropriate. ***See also In re Synthroid Marketing Litig.*, 325 F.3d 974 (7th Cir. 2003)** ("Synthroid II"). Class Counsel presented affidavit testimony demonstrating that no competent attorney would have taken this case on any basis other than a contingent fee basis. Class representative Dennis Lively attested that he could not have hired Class Counsel on an hourly basis, and he believes that the other Class members, who are union power plant workers, could not have agreed to pay an hourly fee to bring this suit. The Court is further aware that Class Counsel are nationally recognized experts in ERISA pension benefit cases and have attested that they have not and would not accept a similar case on any basis other than a contingency fee basis, with the contingency representing 20% or more of the class recovery.

13.     In addition, Class Counsel presented evidence, and the Court agrees, that an auction for legal services in this litigation would have produced a percentage at or higher than the 20% fee awarded. The risk attendant with this litigation and the difficulty of locating experienced counsel to accept such litigation clearly support a 20% fee.

14.     Thus, the undisputed evidence is that the market for legal services for this litigation

4

is a contingency fee contract. Class Counsel is awarded $67,225.36 in costs and $3,566,550 in attorneys' fees, representing 20% of the Settlement Fund after reimbursement of costs. The Settlement Administrator is ordered to distribute the fee to Class Counsel pursuant to the terms of the Settlement Agreement.

15.     The Settlement Administrator is ordered to distribute the Settlement Fund, plus interest, and after deduction of attorneys' fees and costs, incentive awards, taxes, and costs of settlement administration, to the Plan under the terms of the Settlement Agreement.

16.     Subject only to paragraph 18 below, the parties finally and forever release claims to the extent provided and in accordance with the terms of the Settlement Agreement.

17.     This cause is hereby **DISMISSED WITH PREJUDICE**, with each party to bear his, her, or its own costs except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including the Plan of Allocation.

18.     In the event that the Settlement Agreement is terminated in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated nunc pro tunc, and the Action shall proceed in the manner provided in the Settlement Agreement.

19.     This is a final judgment.

**IT IS SO ORDERED.**

**DATED this 30th day of September, 2008**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

# EXHIBIT A:  PLAN OF ALLOCATION

1. Using the records of the Dynegy Midwest Generation Incentive Savings Plan for Employees Covered Under a Collective Bargaining Agreement ("Plan") and other records as necessary, the Plan trustee will identify each member of the Class.

2. An "Adjusted Net Loss" will be calculated for each member of the Class.  "Adjusted Net Loss" will be a positive number equal to

    (a)    the sum of:

        i.    the participant's Dynegy Stock Fund Plan account balance on February 2, 2000;

        ii.    plus 1.1 times the dollar amount added (through employee contributions, employer contributions in cash or stock or cash dividends, and re-allocation of amounts previously invested in other Plan options) to the participant's Dynegy Stock Fund Plan account from the start of the Class Period through July 31, 2000;

        iii.    plus 1.2 times the dollar amount added to the participant's Dynegy Stock Fund Plan account from August 1, 2000, through July 31, 2001;

        iv.    plus 1.3 times the dollar amount added to the participant's Dynegy Stock Fund Plan account from August 1, 2001, through April 30, 2002;

        v.    plus the dollar amount added to a participant's Dynegy Stock Fund Plan account from May 1, 2002, until the end of the Class Period;

    (b)   minus the sum of:

        i.    the dollar amount of the participant's Dynegy Stock Fund Plan account balance at the end of the Class Period;

        ii.    plus the dollar amount of all distributions and transfers from the participant's Dynegy Stock Fund Plan account during the Class Period.

3. The positive Adjusted Net Losses of the Class members shall be aggregated.

4. Each Class member with a positive Adjusted Net Loss will be assigned an "Adjusted Net Loss Percentage", which shall be his, her or its Adjusted Net Loss as a percentage of the aggregated positive Adjusted Net Losses of the entire Class.

5. The Plan trustee will allocate to each such Class member a share of the Net Proceeds (less

7

the Plan expenses reasonably and necessarily incurred in implementing the Plan of Allocation), multiplied by the Class member's Adjusted Net Loss Percentage ("Class Member Share").

6. If any Class Member Shares of the Net Proceeds would be de minimis, which is defined as as a Class Member Share of $50 or less, and the allocation of such Class Member Shares would be to Class members who are former Plan participants or beneficiaries of former Plan participants, then the Plan Trustee may treat such Class Member Shares as zero, and distribute such funds pro rata to the other Class members.

7. In light of the historical nature of the data and manner in which it is kept, the Plan trustee may, after consultation with and consent by, Class Counsel, make reasonable adjustments to the calculation set forth above to reflect availability of data and/or to otherwise simplify some of the features of the calculation without further approval by the Court, provided that (i) Class Member Shares are based approximately on the decline in value of Dynegy stock for the time period within the Class Period in which Class members' accounts were so invested in comparison with the total decline in the value of Dynegy stock held in the Plan as a whole for the same period; and (ii) the manner of distributions maximize the tax advantages of investment in the Plan.

8. The Plan trustee shall follow the Plan terms with respect to (i) required distributions of an account balance to an eligible Class member and (ii) forfeiture procedures in the event that the Plan trustee cannot make a distribution due to such factors as inability to locate the account holder or failure of the account holder to deposit a distribution.